(78 Misc. Rep. 158.)

### STUMPF v. COHEN.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. ATTORNEY AND CLIENT (§ 166*)—TRIAL (§ 141*)—ACTION FOR SERVICES—EVIDENCE—SUFFICIENCY.

Though the question of what were reasonable fees was one for the jury, there being only expert testimony thereon, notwithstanding plaintiff's evidence was undisputed, yet a verdict for defendant was not merely against the weight of evidence, but was unsupported by any evidence; the evidence of employment by defendant of attorneys to render services for her for reasonable fees, and of their rendition of the services, being undisputed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368–372; Dec. Dig. § 166;* Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

2. PAYMENT (§ 63*)—NECESSITY OF PLEADING DEFENSE.

The defense of payment being required to be pleaded, admission of evidence of payment under an answer which is a mere general denial is error.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 152–161; Dec. Dig. § 63.*]

Appeal from City Court of New York, Trial Term.

Action by Charles Stumpf against Nettie Cohen. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Scott, Upson & Newcomb, of New York City (Wm. Forse Scott, of New York City, of counsel), for appellant.

Strouse & Strauss, of New York City, for respondent.

GUY, J. Plaintiff appeals from a judgment in favor of defendant, entered herein upon the verdict of a jury, and from an order denying plaintiff's motion for a new trial.

[1] Plaintiff sues upon two claims assigned to him—one the claim of a firm of attorneys in the state of Virginia for services rendered defendant, and the other a claim for disbursements alleged to have been made on behalf of defendant by her New York attorneys. It appears that the New York attorneys were originally employed by defendant to take the necessary steps for the bringing of an action in equity in the state of Virginia, and that defendant authorized them to employ Virginia attorneys on her behalf, promising to pay the fees of such Virginia attorneys; that, pursuant to such authorization, her New York attorneys did employ a Virginia firm, who brought an action in Virginia, and the evidence was entirely uncontradicted as to the rendition of services by them and the value thereof, as established by expert evidence. It appears, further, that, subsequent to the employment of the firm of attorneys in Virginia by defendant's authorized agents, she made a new agreement with her New York attorneys, whereby it was agreed that they should be paid for their services one-half of the amount which might be recovered in the action

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought in Virginia, and the agreement, which was introduced in evidence by the defendant, contained this additional provision:

"I also agree to pay you promptly the amount of your disbursements in such suits and proceedings; it being understood that any sums paid by me with your approval for fees of other attorneys or counsel, in Virginia or elsewhere, shall be charged against or deducted from your said compensation."

Plaintiff introduced in evidence, also, a letter written by defendant to the Virginia attorneys, after their employment by her New York attorneys, ratifying their employment, and promising to pay their reasonable fees and disbursements. No evidence was introduced by the defendant in contradiction of plaintiff's evidence as to the claim for fees due the Virginia attorneys, and plaintiff was therefore entitled to recover on this claim. Though the evidence as to value was undisputed, it being expert evidence only, the value of said fees was properly left to the jury; but their verdict in favor of the defendant on this claim was not merely against the weight of evidence, but was unsupported by any evidence.

[2] As to the second claim assigned to plaintiff, the claim for disbursements made by the New York attorneys, evidence was erroneously admitted, over the objection and exception of plaintiff's counsel, which it was claimed established payment of the disbursements in question. The answer was a general denial. Payment was not pleaded. No attempt was made to amend the pleadings during the trial. It is elementary that the defense of payment must be pleaded (McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696), and the admission of this evidence was reversible error. The evidence introduced, however, failed utterly to establish payment of the items set forth in the claim of defendant's New York attorneys, but merely showed payments aggregating in amount less than the aggregate credits given defendant on the bill rendered her for disbursements by her New York attorneys.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.